# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINDY MEJIA, | Case No.  1: 20-cv-00564-AWI-SAB |
| Plaintiff, | **SCHEDULING ORDER (Fed. R. Civ. P 16)** |
| | **Amendment and Discovery Deadlines:**<br>Amendment of Pleadings: August 21, 2020<br>Pre-Certification Discovery: February 19, 2021 |
| v. | **Class Certification Deadlines:**<br>Motion Filing: May 28, 2021<br>Opposition and Reply: By Local Rule |
| MERCANTILE ADJUSTMENT<br>BUREAU, INC., | |
| Defendant. | |

**I.      Date of Scheduling Conference**

The Scheduling Conference was held on July 21, 2020.

**II.      Appearances of Counsel**

Michael Greenwald appeared telephonically on behalf of Plaintiff.

Brendan Little appeared telephonically on behalf of Defendant.

**III.      Consent to Magistrate Judge**

The parties have not consented to magistrate jurisdiction.  Pursuant to 28 U.S.C. § 636(c), to the parties who have not consented to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Stanley A. Boone, you should be informed that because of the pressing workload of United States district judges and the priority of criminal cases under the United States Constitution, you are encouraged to consent to magistrate judge

1

jurisdiction in an effort to have your case adjudicated in a timely and cost effective manner.  Any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first.  Continuances of civil trials under these circumstances may no longer be entertained, absent a specific and stated finding of good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case.  The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

**IV.    Initial Disclosure under Fed. R. Civ. P. 26(a)(1)**

The parties proffer they have already completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1), on July 10, 2020.

**V.    Amendments to Pleading**

Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than **August 21, 2020**.  The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see* Foman v. Davis, 371 U.S. 178, 182 (1962).

**VI.    Class Certification**

The parties have agreed to a phased approach to this action.  This first phase shall relate to class certification.  Motions for class certification shall be filed on or before **March 19, 2021**.  Opposition and reply briefs shall be filed in accord with Local Rule 230.

**VII.    Discovery Plan and Cut-Off Dates**

The parties are ordered to complete all pre-certification discovery on or before **February 19, 2021**.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement

2

1   disclosures and responses to discovery requests will be strictly enforced.

2          The parties are cautioned that the discovery cut-off deadlines are the dates by which all

3   discovery must be completed.  Absent good cause, discovery motions will not be heard after the

4   discovery deadlines.  Moreover, absent good cause, the Court will only grant relief on a discovery

5   motion if the relief requested requires the parties to act before the expiration of the relevant

6   discovery deadline.  In other words, discovery requests and deposition notices must be served

7   sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and

8   confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to

9   compel.  Counsel are expected to take these contingencies into account when proposing discovery

10  deadlines.  Compliance with these discovery cutoffs requires motions to compel be filed *and*

11  *heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief

12  within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently

13  in advance of the discovery cutoff may result in denial of the motion as untimely.

14          **VIII.   Pre-Trial Motions**

15          Unless prior leave of Court is obtained at least seven (7) days before the filing date, all

16  moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five

17  (25) pages.   Reply briefs filed by moving parties shall not exceed ten (10) pages.   Before

18  scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230

19  and 251.

20          **A.        Non-Dispositive Pre-Trial Motions**

21          As noted, all pre-certification discovery, including motions to compel, shall be completed

22  no later than **February 19, 2021.**  Compliance with these discovery cutoffs requires motions to

23  compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may

24  grant effective relief within the allotted discovery time.   A party's failure to have a discovery

25  dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as

26  untimely.  Non-dispositive motions are heard on Wednesdays at 10:00 a.m., before United States

27  Magistrate Judge Stanley A. Boone in Courtroom 9.

28          In scheduling any non-dispositive motion, the Magistrate Judge may grant Applications

for an Order Shortening Time pursuant to Local Rule 144(e).  However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than three (3) court days before the noticed hearing date.  In the event that more than one attorney requests to appear by telephone, then it shall be the obligation of the moving party(ies) to arrange and originate a conference call to the court.

*Discovery Disputes:*  If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251.  The Joint Statement must be filed seven (7) calendar days before the scheduled hearing date.  Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. on the fourth court day prior to the scheduled hearing date.  Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered.  In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute.  The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

**B.      Dispositive Pre-Trial Motions**

*Motions for Summary Judgment or Summary Adjudication:*  Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts. **In addition to the requirements of Local Rule 260, the moving party shall file a <u>Joint Statement of Undisputed Facts</u>.**

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

### IX.    <u>Pre-Trial Conference and Trial Date</u>

The pre-trial conference and trial date shall be addressed following completion of the pre-certification phase.

### X.    <u>Settlement Conference</u>

Should the parties desire a settlement conference, they will jointly request one of the Court, and one will be arranged.  In making such request, the parties are directed to notify the Court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

### XI.    <u>Related Matters Pending</u>

The parties are not aware of any related matters.

### XII.    <u>Compliance with Federal Procedure</u>

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB).  In the area entitled "Case Management Procedures," there is a link to "Standard Information."  All parties and counsel shall comply with

the guidelines set forth therein.

**XIII.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.  The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

**Lastly, should counsel or a party appearing pro se fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated:   **July 21, 2020**

_____
UNITED STATES MAGISTRATE JUDGE